UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF SAN JOSE,<br><br>    Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY, et al.,<br><br>    Defendants. | Case No. 5:15-cv-03178-EJD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR CERTIFICATION OF ORDER FOR APPEAL**<br><br>Re: Dkt. No. 147 |
| CITY OF OAKLAND,<br><br>    Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY, et al.,<br><br>    Defendants. | Case No. 5:15-cv-05152-EJD<br><br>Re: Dkt. No. 118 |
| CITY OF BERKELEY,<br><br>    Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY, et al.,<br><br>    Defendants. | Case No. 5:16-cv-00071-EJD<br><br>Re: Dkt. No. 111 |

In these related cases, Plaintiffs City of San Jose, City of Oakland, and City of Berkeley (the "Cities") seek damages from Defendants Monsanto Company, Solutia Inc., and Pharmacia LLC ("Monsanto") arising from Monsanto's production of environmental contaminants called polychlorinated biphenyls ("PCBs"). The Cities allege that Monsanto's PCBs pollute the San Francisco Bay (the "Bay") through stormwater and dry weather runoff from the Cities, forcing the Cities to spend money to reduce PCB discharge in order to comply with state and federal regulations.

This Court previously ordered that the Cities' federal cases must be stayed while the Cities' administrative actions are pending. The Cities now move for certification of that order for interlocutory appeal. The Cities' motion will be denied.

**I.  BACKGROUND**

The Cities are currently pursuing test claims before the California Commission on State Mandates in which they seek reimbursement for the costs of complying with state permit obligations. Order Granting Defs.' Mot. to Stay ("Stay Order") 2–4, Case No. 15-cv-3178, Dkt. No. 144; Case No. 15-cv-5152, Dkt. No. 116; Case No. 16-cv-71, Dkt. No. 109. Monsanto argued that the Cities are seeking the same relief before the Commission and before this Court, and so they must exhaust their administrative test claims before their federal actions can proceed. Id. at 4–5. This Court agreed, finding that "there is substantial overlap" between the Cities' test claims and their federal cases because both actions "seek the same recovery for the same injury." Id. at 5. Accordingly, on August 4, 2017, this Court issued an order that stayed the Cities' actions until February 8, 2018 (following the next scheduled hearing on the Cities' test claims before the Commission). Id. at 4, 6.

The Cities now move for certification of the Stay Order for interlocutory appeal under 28 U.S.C. § 1292(b). Pls.' Mot. for Certification of Order for Appeal ("Mot."), Case No. 15-cv-3178, Dkt. No. 147; Case No. 15-cv-5152, Dkt. No. 118; Case No. 16-cv-71, Dkt. No. 111.

2
Case No.: 5:15-cv-03178-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR CERTIFICATION OF ORDER FOR APPEAL

## II. LEGAL STANDARD

In general, a party may appeal a district court's rulings only after the entry of final judgment. In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1022–23 (9th Cir. 1981). However, in "extraordinary cases," a district court can certify an order for interlocutory appeal when (1) the order "involves a controlling question of law," (2) "there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966). Appeals under § 1292(b) are "hen's-teeth rare." Simmons v. Akanno, No. 1:09-cv-00659-GBC (PC), 2011 WL 1566583, at *2 (E.D. Cal. Apr. 22, 2011) (quoting Camacho v. Puerto Rico Ports Authority, 369 F.3d 570, 573 (1st Cir. 2004)).

## III. DISCUSSION

The Cities argue that the Stay Order presents several "controlling question[s] of law." First, the Cities "seek clarification from the Ninth Circuit regarding whether the Cities are seeking the same remedies in both the administrative and judicial proceedings." Mot. 3. But this is not a pure question of law. See Halloum v. McCormick Barstow LLP, No. C-15-2181 EMC, No. C-15-2183 EMC, 2015 WL 4512599, at *2 (N.D. Cal. July 24, 2015) (holding that an appeal under § 1292(b) is appropriate for a "pure question of law," but not for "a mixed question of law and fact or the application of law to a particular set of facts"). The Cities and Monsanto agree that, as a matter of law, a party must exhaust its administrative remedies before pursuing its claim in court. Stay Order 4 (citing Abelleira v. Dist. Ct. of Appeal, Third Dist., 17 Cal. 2d 280, 292 (1941)). They disagree about whether this Court correctly applied that principle to the facts of these cases. This Court decided that the Cities' test claims "seek the same recovery for the same injury" that the Cities allege in their federal actions—and, as a result, the Cities must exhaust their administrative remedies before their federal actions can proceed. Id. at 4–6. If the Cities disagree with the Court's application of the law to the facts, the proper vehicle is a motion for reconsideration, not an interlocutory appeal under § 1292(b). See Meeker v. Belridge Water

3
Case No.: 5:15-cv-03178-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR CERTIFICATION OF ORDER FOR APPEAL

Storage Dist., No. 1:05-CV-00603 OWW SMS, 2007 WL 781889, at *5 (E.D. Cal. Mar. 13, 2007) ("The appropriate mechanism for redress of factual errors is a motion for reconsideration, not an interlocutory appeal."); see also Civil L.R. 7-9.

Second, the Cities "seek clarification from the Ninth Circuit regarding . . . whether their lawsuits must be dismissed." Mot. 3. But the Stay Order did not address whether the Cities' cases must be dismissed. Rather, it decided that their cases must be stayed while their administrative claims are pending.

Third, the Cities "seek immediate clarification from the Ninth Circuit regarding the appropriate forum for their public nuisance claims." Mot. 3. But the Stay Order did not decide that federal court was not the appropriate forum for the Cities' public nuisance claims. Rather, it held that "the Cities must exhaust their administrative remedies before they can seek relief from the courts" under their public nuisance theory. Stay Order 5 (emphasis added).

## IV. CONCLUSION

The Court finds that the Cities have not shown that the Stay Order raises a "controlling question of law" as required by 28 U.S.C § 1292(b). As such, the Cities' motion for certification of that order for interlocutory appeal must be DENIED.

**IT IS SO ORDERED.**

Dated: December 6, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-03178-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR CERTIFICATION OF ORDER FOR APPEAL

4